# In the United States Court of Federal Claims

(Pro Se)

|  |  |  |
|---|---|---|
| STEVEN RAMIREZ, | ) | |
| | ) | No. 19-517C |
| Plaintiff, | ) | (Filed: June 19, 2019) |
| | ) | |
| v. | ) | |
| | ) | |
| THE UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

*Steven Ramirez*, San Antonio, TX, pro se.

*Richard P. Schroeder*, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, Washington, DC, with whom were *Lisa L. Donahue*, Assistant Director, *Robert E. Kirschman, Jr.*, Director, and *Joseph H. Hunt*, Assistant Attorney General, for Defendant.

## OPINION AND ORDER

**KAPLAN, Judge.**

On March 25, 2019, pro se plaintiff Steven Ramirez, presently incarcerated at the Bexar County Adult Detention Center Facility in San Antonio, Texas, filed a complaint in this court. Docket No. 1. The complaint was received on April 1, 2019. Id. With his complaint, Mr. Ramirez also filed an application to proceed in forma pauperis. Docket No. 4. On May 31, 2019, the government filed a motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Rules of the United States Court of Federal Claims ("RCFC"). Def.'s Mot. to Dismiss ("Def.'s Mot."), Docket No. 6. The government argues that Mr. Ramirez has failed to meet his burden to establish subject-matter jurisdiction and that, even if the Court were to determine that it had jurisdiction, Mr. Ramirez has failed to state a claim upon which relief can be granted. Def.'s Mot. at 3–7.

For the reasons discussed below, Mr. Ramirez's application to proceed in forma pauperis is **GRANTED**. However, because the Court finds that it lacks subject-matter jurisdiction over his complaint, the government's motion to dismiss is **GRANTED** and the case will be **dismissed without prejudice**.

**I.     Mr. Ramirez's Application to Proceed In Forma Pauperis**

Pursuant to 28 U.S.C. § 1915(a), "any court of the United States may authorize the commencement . . . of any suit, action or proceeding . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement . . . that the person is unable to pay such fees or give security therefor."[1] A plaintiff does not have to "be absolutely destitute to enjoy the benefit of the statute." Adkins v. E.I. DuPont De Nemours, 335 U.S. 331, 339 (1948). An affidavit that demonstrates that a plaintiff is unable to pay the fee or give security therefor and still provide for himself and any dependents is sufficient. See id.; see also Waltner v. United States, 93 Fed. Cl. 139, 143 (2010) (stating that the question is whether "paying such fees would constitute a serious hardship on the plaintiff").

Mr. Ramirez stated in his application that his only source of income over the past twelve months came from his family and mother, and he does not expect to receive any additional assistance from them. Pl.'s Application To Proceed In Forma Pauperis at 2. His last date of employment was in March 2018, when he made $700 a month. Id. His inmate account "is never more than $40.00 per month" and he has no cash, checking, or savings account that he knows of. Id. Mr. Ramirez has listed "about" $3,000 in debts, along with monthly child support payments. Id. Under these circumstances, Mr. Ramirez has sufficiently demonstrated that he is unable to pay the court's pre-filing fees.

Notwithstanding the fact that Mr. Ramirez has satisfied the criteria, prisoners seeking to proceed in forma pauperis are required to pay, over time, the filing fee in full. 28 U.S.C. § 1915(b). Thus, Mr. Ramirez shall be assessed, as a partial payment of the court's filing fee, an initial sum of twenty percent of the greater of (1) the average monthly deposits into his account, or (2) the average monthly balance in his account for the six-month period immediately preceding the filing of his complaint. Id. § 1915(b)(1). Thereafter, Mr. Ramirez shall be required to make monthly payments of twenty percent of the preceding month's income credited to his account. Id. § 1915(b)(2). The agency having custody of Mr. Ramirez shall forward payments from his account to the Clerk of the Court of Federal Claims each time the account balance exceeds $10.00 and until such time as the filing fee is paid in full. Id.

Accordingly, Plaintiff's application to proceed in forma pauperis is **GRANTED**, subject to his obligation to pay the filing fee in full pursuant to 28 U.S.C. § 1915(b).

**II.    The Government's Motion to Dismiss**

In considering a motion to dismiss for lack of subject-matter jurisdiction, the Court accepts as true all undisputed facts in the pleadings and draws all reasonable inferences in favor of the plaintiff. Trusted Integration, Inc. v. United States, 659 F.3d 1159, 1163 (Fed. Cir. 2011). The Court may, however, "inquire into jurisdictional facts" to determine whether it has jurisdiction. Rocovich v. United States, 933 F.2d 991, 993 (Fed. Cir. 1991). It is well established that complaints filed by pro se plaintiffs are held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Nonetheless, even

---

[1] For purposes of 28 U.S.C. § 1915, the Court of Federal Claims is a court of the United States. 28 U.S.C. § 2503(d).

pro se plaintiffs must persuade the Court that jurisdictional requirements have been met. Harris v. United States, 113 Fed. Cl. 290, 292 (2013).

Although Mr. Ramirez has not yet filed a response to the government's motion to dismiss, the Court has an independent obligation to satisfy itself of its jurisdiction and may raise subject-matter jurisdiction sua sponte at any time. See Arbaugh v. Y & H Corp., 546 U.S. 500, 506–07, 514 (2006); Rick's Mushroom Serv., Inc. v. United States, 521 F.3d 1338, 1346 (Fed. Cir. 2008); see also RCFC 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Having considered the complaint and the government's motion, the Court finds that it lacks subject-matter jurisdiction and is obligated to dismiss the case on that ground.

The Tucker Act grants the United States Court of Federal Claims the power "to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). It serves as a waiver of sovereign immunity and a jurisdictional grant, but it does not create a substantive cause of action. Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin., 525 F.3d 1299, 1306 (Fed. Cir. 2008). A plaintiff, therefore, must establish that "a separate source of substantive law . . . creates the right to money damages." Id. (quoting Fisher v. United States, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc in relevant part)); Rick's Mushroom Serv., Inc., 521 F.3d at 1343 ("[P]laintiff must look beyond the Tucker Act to identify a substantive source of law that creates the right to recovery of money damages against the United States.").

In his complaint, Mr. Ramirez makes a number of allegations against Texas state or local officials connected to a search warrant for his property, and his subsequent arrest and indictment. Compl. at 3. He asserts that he was "unlawfully placed [in] restrai[n]ts," brought before a magistrate without representation of counsel, not "given the enumerated right to cross examine the witness accusing [him] of a criminal offense," charged excessive bail, and "charged with a false crime." Id. at 4. He also claims to have been "unlawfully and forcibly . . . tricke[d] in violation of Federal law" into losing his property. Id. Mr. Ramirez asks the Court to order the return of the possessions he is "entitled to" and to "bring to justice or resolve some kind of compensation for all this fr[au]dulent activity going on in [his] name and social [security account]." Id. at 5. He also requests his "background cleared and name and social changed." Id.

It is clear from the face of Mr. Ramirez's complaint that the Court lacks subject-matter jurisdiction. For one, Mr. Ramirez's complaint challenges the actions of Texas state or local law enforcement officials. The United States is the only proper defendant in the Court of Federal Claims. See United States v. Sherwood, 312 U.S. 584, 588 (1941); see also Del Rio v. United States, 87 Fed. Cl. 536, 539 (2009). Further, to the extent that Mr. Ramirez is alleging one or more violations of his civil rights under 42 U.S.C. § 1983, the Court of Federal Claims lacks jurisdiction over such claims. See, e.g., Elkins v. United States, 229 Ct. Cl. 607, 608 (1981).

Moreover, Mr. Ramirez has not identified any "money-mandating" source of substantive law giving him a "right to money damages," as required for Tucker Act jurisdiction. See Jan's Helicopter Serv., 525 F.3d at 1306. His aforementioned claims—i.e., allegedly unlawful searches

and seizures, deprivation of the right to counsel, and deprivation of the right to confront witnesses—involve potential Fourth, Sixth, and Eighth Amendment violations, as well as possible due process violations. Because none of these sources of law is money-mandating, the Court lacks subject-matter jurisdiction to adjudicate the claims Mr. Ramirez has alleged. See Jordan v. United States, 128 Fed. Cl. 46, 53–54 (2016) (Fifth and Fourteenth Amendment due process claims, as well as the Eighth Amendment, are not money-mandating); Brown v. United States, 105 F.3d 621, 623–24 (Fed. Cir. 1997) (Fourth Amendment is not money-mandating); LeBlanc v. United States, 50 F.3d 1025, 1028 (Fed. Cir. 1995) (providing that the Due Process clause of the Fourteenth Amendment is not money-mandating); Dupre v. United States, 229 Ct. Cl. 706 (1981) (Fourth and Sixth Amendments are not money-mandating).

For these reasons, the Court lacks subject-matter jurisdiction over Mr. Ramirez's complaint. Accordingly, the government's motion to dismiss for lack of subject-matter jurisdiction is **GRANTED** and Mr. Ramirez's complaint is **DISMISSED without prejudice**. The Clerk shall enter judgment accordingly. Each side shall bear its own costs.

**IT IS SO ORDERED.**

　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　ELAINE D. KAPLAN
　　　　　　　　　　　　　　　　　　　　　Judge